# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,        :      Case No. 1:17-cr-096
                                              Also 1:20-cv-374

                                              District Judge Susan J. Dlott
     -  vs  -                         Magistrate Judge Michael R. Merz

BRIAN GRIMES,

                Defendant.      :

# ORDER FOR ANSWER

        Defendant has filed a Motion to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255. The case is before the Court for initial consideration under Rule 4 of the Rules Governing § 2255 Proceedings and has been referred to United States Magistrate Judge Michael R. Merz pursuant to the General Order of Assignment and Reference for the Dayton location of court (General Order Day 13-01).

        It does not plainly appear from the face of the motion, the annexed exhibits, and the prior proceedings in the case that Defendant is not entitled to relief. Accordingly, it is hereby ORDERED that the United States Attorney shall, not later than July 15, 2020, file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2255 Cases. Specifically, said answer shall respond to each allegation made in the Motion, raise any affirmative defenses

available to the United States, and state whether Defendant has previously received an evidentiary hearing on any of the matters he now raises or whether he is entitled, in the Government's view, to an evidentiary hearing in this proceeding.

Defendant may, not later than twenty-one days after the Answer is filed, file and serve a reply or traverse to the Answer. If the Government files a motion to dismiss, Defendant's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S. D. Ohio Civ. R. 7.2(a).

Defendant has made claims relating to conversations between himself and his trial counsel. A claim of ineffective assistance of counsel impliedly waives the privilege as to any attorney-client communications relevant to any such claim. *In re Lott*, 424 F.3d 446 (6th Cir. 2005); *Tasby v. United States*, 504 F.2d 332 (8th Cir. 1974); *Randall v. United States,* 314 F.2d 800 (10th Cir. 1963); *United States v. Ballard*, 779 F.2d 287 (5th Cir. 1986); *Laughner v. United States*, 373 F.2d 326 (5th Cir. 1967); *Crutchfield v. Wainwright*, 803 F.2d 1103 (11th Cir. 1986). The Court finds that Defendant has waived the attorney-client communication privilege for any communications relevant to his claims made in the § 2255 Motion.

May 12, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge