# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                    Plaintiff,            :        Case No. 1:17-cr-096
                                                                   Also 1:20-cv-374

                                                        District Judge Susan J. Dlott
    -  vs  -                                     Magistrate Judge Michael R. Merz

BRIAN GRIMES,

                    Defendant.        :

---

# REPORT AND RECOMMENDATIONS

---

This case under 28 U.S.C. § 2255 is before the Court for decision on the merits. The relevant filings are Defendant's § 2255 Motion (ECF No. 92), the Government's Response (ECF No. 105), and Defendant's Reply (ECF No. 112).

**Litigation History**

Defendant was indicted by a grand jury for this District on August 16, 2017, and charged with conspiracy to distribute narcotics (Count One), distribution of cocaine and fentanyl resulting in death (Count Two), distribution of cocaine (Count Three), distribution of cocaine, LSD, methamphetamine, and carfentanil (Count Four), operating a drug facility (Count Five), possession

of a firearm in furtherance of a drug trafficking offense (Count Six), and possession of a firearm by a convicted felon (Count Seven).

On May 31, 2018, Grimes entered into a Plea Agreement with the united states under which he agreed to plead guilty to Counts One and Six (ECF No. 46).  On June 4, 2018, he pleaded guilty pursuant to the Plea Agreement (Minutes, ECF No. 47).  After reviewing a presentence investigation report, Judge Dlott sentenced Grimes on May 14, 2019 (Minutes, ECF No. 85; Judgment, ECF No. 86).  Grimes took no appeal, but filed the instant § 2255 Motion a year later on May 11, 2020 (ECF No. 92).

Grimes pleads the following Grounds for Relief:

> **Ground One:**  Petitioner['s] right to effective assistance of counsel during sentencing under the Sixth Amendment to the U.S. Constitution was violated.

> **Supporting Facts:**  During Petitioner's sentencing hearing attorney William M. Welsh['s] was unreasonable when  counsel failed to argue the 2 level enhancement for operating a drug premises; Attorney William Welsh failed to argue against unreliable information that a deceased victim aquired [sic] drugs from Petitioner that influence[d] Petitioner's sentence.

> **Ground Two:**  Petitioner's Due Process rights were violated.

> **Supporting Facts:**  The Government indicted Petitioner under U.S. Code violations 922(g) and 924(c).  Under the new statutory interpretation of 922(g), the Petitioner is actual[ly] innocent of 922(g) and 924(c).  Petitioner never had a firearm in his possession.

> **Ground Three:**  Petitioner's right to effective assistance of counsel under the Sixth Amendment of the United States Constitution was violated.

> **Supporting Facts:**  During Petitioner's suppression hearing, trial attorney's performance fell below the professional norms when he failed to argue about the affiant's entering the residence first

2

illegally and then obtaining a search warrant. Trial attorney during the suppression hearing failed to argue that the affiant of the search warrant omitted information about the credibility of the confidential informant. Trial attorney also failed to argue about the affidavit being stale, with no specifics, no times, dates, or no recorded drug sales in the affidavit. Trial attorney failed to appeal the denial of the court decision on the suppression hearing and failed to argue about falsified police report that was based on lies. Trial attorney also failed to call witnesses for the suppression hearing.

(Motion, ECF No. 92, PageID 353-566).

# Analysis

## Ground One: Ineffective Assistance of Trial Counsel at Sentencing

In his First Ground for Relief, Grimes contends he received ineffective assistance of trial counsel at sentencing when he failed to argue (1) against a two-level in enhancement in Sentencing Guideline offense conduct measurement for operating a drug facility and (2) against unreliable information that attributed a deceased victim's death to drugs acquired from Grimes.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a

> defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . .  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694.  See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

With respect to the first part of the First Ground for Relief, the Government points out that Grimes admitted in the Statement of Facts attached to the Plea Agreement that he was selling drugs from 2652 Fenton Avenue (Response, ECF No. 105, PageID 461, citing ECF No. 46-1).  The Government points out that the Presentence Investigation Report also concluded that Petitioner and co-defendant Stevie Pruitt "maintained the residence located at 2652 Fenton Avenue, Cincinnati for the purpose of distributing and storing drugs and drug proceeds, which is evidenced by the quantity of drugs and the drug trafficking paraphernalia recovered from the residence" and that Grimes made no objection to this conclusion in the pre-sentence process or at sentencing (*Id.*, citing PSR, ¶ 34).

In his Reply, Grimes claims he did not admit 2652 Fenton was used for selling drugs.  The Statement of Facts contains the statement "An officer with CPD [Cincinnati Police Department] had been informed by a confidential source that "BG" resided at 2652 Fenton Ave., Second Floor, Cincinnati, OH and was selling narcotics from the location."  Grimes' signature on the Statement

of Facts does not amount to an admission that he was selling drugs from 2652 Fenton, but rather that a confidential informant had told that to the Cincinnati Police. Grimes does not claim that admission is untrue.

Also in the Statement of Facts is the sentence "Among the numerous items seized were multiple cellular telephones, weapons, United States currency and a variety of illegal narcotics (including, heroin, LSD, methamphetamine, cocaine and carfentanil)." *Id.* at PageID 159. Grimes does not deny the truth of the statement which is entirely consistent with the conclusion that 2652 Fenton was being maintained as a drug facility, whether or not any sales were ever actually made at the residence.

In faulting his attorney for not contesting the facility enhancement, Grimes does not say what Mr. Welsh should have done in contesting it. If he had had Grimes swear he never made any sales at that location, that would not have rebutted the evidence that drugs, weapons, currency, and multiple cellphones were found there.

In sum, Grimes had not shown it was deficient performance for his counsel not to argue against the facility enhancement.

As to the resulting-death enhancement, Grimes makes no evidentiary claims at all. That is, he does not say what information the Government relied on to connect him with the death was unreliable or why it was unreliable.

**Ground Two: Actual Innocence**

In his Second Ground for Relief, Grimes argues he is actually innocent of violating 18 U.S.C. § 922(g), based on *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191 (2019), decided

June 21, 2019, a month after Grimes was sentenced (ECF No. 112, PageID 488.)  The Sixth Circuit has held that *Rehaif* stated a new rule of statutory interpretation, to wit, that at trial the Government must prove that a person charged under 18 U.S.C. § 922(g) must be shown to have known he was in a class of persons prohibited from possessing firearms.  New rules of law are not, with exceptions which do not apply here, applicable on collateral attacks of judgments entered before they were handed down.  *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989).

Even if *Rehaif* were retroactively applicable to cases on collateral review, it would not establish Grimes is actually innocent.  Grimes and Pruitt were charged in Count Six with possession of firearms and ammunition in further of a drug trafficking crime.  Count Seven, the § 922(g) count, was dismissed as part of the Plea Agreement.

**Ground Three:  Ineffective Assistance of Counsel in the Suppression Hearing**

In his Third Ground for Relief, Grimes posits various additional ways in which his counsel should have proceeded in the attempted suppression of evidence.  The critical point the Government makes in response is that, after his motion to suppress had been denied, Grimes pleaded guilty (Response, ECF No. 105, PageID 463).  A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973).  A guilty or no contest plea renders irrelevant those constitutional violations

not logically inconsistent with the valid establishment of factual guilt. *Menna v. New York,* 423 U.S. 61 (1975). "[A] voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction.'" *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012), citing *United States v. Martin*, 526 F.3d 926, 932 (2008), citing *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). By pleading guilty and failing to reserve the issue for appeal, Grimes waived any claim that he received ineffective assistance of trial counsel at the suppression hearing.

**Claims Made in the Reply That Are Not Made in the Motion**

In his Reply Grimes makes a number of claims about ways in which his plead is invalid. For example, he claims he was coerced to sign the Statement of Facts, told to make certain untrue statements in the plea colloquy, etc. These claims are not made in the § 2255 Motion, but in his Reply to the Government's Response. A district court may decline to review a claim a petitioner raises for the first time in his traverse or reply. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005). Grimes has never moved to amend his § 2255 Motion to add a claim or claims that his plea is invalid and the statute of limitations on making such new claims has now expired.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Motion to Vacate be dismissed with prejudice and the Clerk instructed to enter judgment to that effect. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner

be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal

would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.


October 20, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.